The next case, number 221342, R&D Master Enterprises, Inc., et al. v. Financial Oversight and Management Board for Puerto Rico, et al. At this time, if Attorney Lamont would introduce himself on the record to begin. Good morning. Carlos Lamont appearing on behalf of the appellants in this case. I'd like to request a two-minute rebuttal, if possible. You may. Okay. Permission to address the Court? Yes, go ahead. Okay. Good morning. This case also relates to PROMESA. Under PROMESA, the Puerto Rico Oversight Board has a contract review policy that it adopted, which obligates the Oversight Board to review all contracts having a contractual valuation of $10 million or more. In this case, the Oversight Board has admitted that they have not reviewed a certain contract, which is highly controversial. That contract involves over $384 million in public assets that were transferred to a private party. That contract is the object of separate litigation in state court, and the position that the Oversight Board has taken is that it is waiting to see whether it will review the contract or not. And that is not the function of the Oversight Board. The Oversight Board, under its policy, must review that contract, especially given all the controversies that surround that agreement. That agreement is not only hurting and injuring my clients who are here present, it is injuring hundreds of other Puerto Rican business owners. What is your cause of action that entitles you to enforce that aspect of PROMESA's policy? Well, the government of Puerto Rico, in its own case, against the acquirer of that loan portfolio, is alleging fraud. They are alleging that the transaction took place... In the action you're bringing against the FOMB, what you're bringing in action? We're requesting a mandamos order. Yeah, what's the cause of action for that? A breach of the contract review policy adopted under PROMESA. That's the violation. But what gives you an authority to bring that claim? Does PROMESA authorize a private party to bring a claim against it to enforce that policy? Well, to the extent that the actions of the Oversight Board are injuring our clients... Does PROMESA itself authorize a private party? Is there a provision of PROMESA that authorizes a private party to enforce this policy against the FOMB? It doesn't mention that. So you're not relying on PROMESA itself as the authorizing statute to enforce it against it? No. The APA doesn't? You're relying on the Administrative Procedure Act, you're not relying on that? No, no. We're simply requesting a mandamos order from the court, which was declared time-barred, even though the Oversight Board has stated that they have not yet reviewed the contract in accordance with their contract review policy. I'm trying to figure out what authorizes you to do that. I know the relief you want, which is a mandate. We've identified that the Oversight Board, through its negligence, is causing direct or indirect harm to our clients. That's the injury, but somebody has to authorize you to challenge this. Is there a federal statutory provision you're relying on that authorizes the challenge? Are you just thinking the mandamos statute itself is the cause of action? I don't think that's right. Well, there's an injury behind the Oversight Board statute. That's maybe why you have standing. Right. But you need a cause of action. The government of Puerto Rico is signaling that there's fraud involved in that transaction, and that contract is bringing harm to my clients and hundreds of others, including the own government of Puerto Rico. Puerto Rico has brought its own action in Commonwealth Court. Right. So they're taking care of themselves. Not our clients, right. So what's your cause of action? Allegations of fraud brought in that case. I mean, if that contract is invalid. That's showing why there's an injury. In this suit, something has to empower you to sue the FOMB. But you're not saying that you were defrauded. Well, if that contract is invalid, then the people pursuing claims against our clients aren't entitled and don't have standing to pursue those collection of monies actions against our clients. So the existence of a breach of the Oversight Board's own contract review policy is reason enough to bring it to the attention of the court, which is the only forum. That's why you have standing as an Article III member. But we're trying to figure out what authorizes you to bring this action against the FOMB. If PROMESA itself doesn't, what does? It's an injury action. It's a damages claim. I mean, we're not requiring the Oversight Board or requesting that the court – there's no monetary damages involved. We're simply seeking a mandamus order that will obligate the Oversight Board to do the ministerial duty that it is meant to do. I mean, they have to review all contracts having a contractual valuation of $10 million. But going to the merits, what shows that they have the duty? Their own contract review policy is mandatory. It creates no exceptions if the contract exceeds $10 million. And does that policy say that that's an enforceable obligation? It's a self-imposed policy that they're bound to observe. And when you say it's a policy, does it provide that it can be enforced by others? It doesn't state that, no. And does the statute require it to follow that policy? The statute permits the Oversight Board to adopt a policy providing for contract review. And they did. They adopted that policy. The policy is mandatory. It has no exceptions. However, in this case, this controversial contract seems to be the only contract that the Oversight Board has denied to review. And if you got the review you wanted, you would need that review to come out in your favor. And then even if it came out in your favor, there's no obligation that the FOMB take any action. They can either approve or reject that contract. They have the discretion to do that. But they have to review it. Until they review it, they won't know whether it's an approvable contract or it's a rejectable contract. They haven't done it. Even if they do that, and even if they come out in your favor in reviewing it, they still don't have an obligation to render the contract null and void. No. It's at their discretion. So how, then, is the relief going to help you if at the end of the day, all it will do is trigger discretion that can be exercised whoever they want and might well be exercised on the ground that because there's a pending Puerto Rico case, there's no reason for us to intervene? It's a different standard because the standard that the Oversight Board employs in reviewing contracts, it's different from what is being scrutinized by state courts. In terms of you getting redressed, it's pretty far down the chain before you get even just what then would be triggering discretion, which might not be exercised in your favor. The Oversight Board is the primary line of defense to combat public corruption in Puerto Rico, and they are not exercising their function. So on that basis, we would like the court to order the Oversight Board to review that contract. That is what they do. That is their ministerial duty. Thank you. Thank you, Counsel. At this time, if Attorney Brenner would please introduce himself on the record to begin. Good afternoon, Your Honors, and may it please the Court. My name is Guy Brenner. I represent APALYS, the Financial Oversight and Management Board for Puerto Rico, and Robert Mojica in his official capacity is the Executive Director of the Oversight Board. The issue in this case is whether the district court erred in dismissing appellant's claims on statute of limitations grounds. The only argument that appellants have raised in that regard is that the district court erred in not applying a continuing violation theory. Can I ask you about that? Because there's a little bit of, and I understand why you responded in the way you did to your brief, but there are two ways of understanding in the context of a mandamus claim about a continuing injury. One is that there's a continuing duty that the mandamus is trying to enforce. If I was trying to get my commission approved, that's not going to be time-barred because I didn't do it on the very first day. If they have a ministerial duty to do it, every day they don't do it. I can get mandamus to force them to do it. I take it that's what they're saying here. They do cite a bunch of Title VII continuing violation cases which have nothing to do with that point, and you're right in saying they have nothing to do with this case. But they also, I think below, were making the more simple continuing duty point, which it seems to me wouldn't trigger the time-bar. What's your thoughts on that? Well, as an initial matter, they did not raise that below. They did not address statute of limitations at all before the district court. Well, no, but they were making a, they claimed a mandamus continuing duty claim. The district court then raised the statute of limitations and concluded as it did as to it. But it seems to me that it was before the district court to read the pleadings, given that there was a mandamus, in just the way I'm describing. So it's not clear to me that that's the right way to understand the claim they were bringing. My reading of the briefing below is that the issue of mandamus not having a time-bar in this circumstance was not raised. But addressing your question, the position, the harm, the alleged harm in this case is the argument that's being made by appellants is that it stems from a decision by the oversight board not to review a contract. That decision was a single decision in a point in time. But why, if they have a continuing duty to review? Well, the oversight board does not have, in this case, does not have a duty to review a contract. Well, that's on the merits. That's not the statute of limitations point. But the claim is that they do have it. If they have it, how is that claim time-barred? If you're right that there's no duty, obviously you win. You don't get the statute of limitations. So the question is, if there's a continuing duty, how is that claim time-barred? As an initial matter, it wasn't pled as a claim. It was pled as a remedy. And so in that regard, the district court addressed it under Section 1983 principles. Well, with respect to certain of the claims, I can see that. But with respect to the pure mandamus aspect of it, it wasn't clear to me why. Well, to the extent the mandamus is a claim and not a remedy. I'll note that they didn't state a claim for mandamus in the sense that it wasn't properly pled. It doesn't include all of the elements that you would need to plead in the complaint for that to be the case. And is it your understanding that there would need to be a separate cause of action if it's not 1983, that the mandamus isn't itself a cause of action? The mandamus isn't. I've been grappling with this. It's sort of a hybrid remedy that has certain pleading requirements. There can't be alternative relief, and there needs to be a ministerial duty required. Oh, so then if that's it, then why didn't they plead that? They pled mandamus. They pled it was a ministerial duty. What was lacking in the complaint? Well, they pled it was a ministerial duty, but they did that in very conclusory fashion. They didn't plead that all the requirements in order for the policy to be applied had been met. The policy has several requirements. The contract has to be submitted. There needs to be a certification. There needs to be a questionnaire filled out and submitted. The complaint says nothing about those prerequisites. Until those prerequisites are met, there is no duty to the extent there is a duty at all. And that is absent in the complaint. And that wasn't addressed by the district. That's not the ground for the district courts. And that's not – you don't make that argument in your brief, do you? We do not make that argument. Okay, so let's figure out what actually people did argue and decide. Okay, sure. Given that there was a mandamus request based on a ministerial duty, and if we treat as not decided by the district court or argue to us that that claim fails because of a failure to plead all the elements of mandamus, it would then seem that there was a mandamus claim based on a ministerial duty before the court. And with respect to that, why wouldn't the idea be that that is a continuing duty so that the one-year time bar is just wrong? Well, under that theory, there would effectively be no statute of limitations for any official action that isn't taken, that appellants could wait 10 years, 15 years before bringing their claim as long as that action wasn't taken. I view this akin to a breach of contract claim for failure of performance. The statute of limitations doesn't restart every day that the performance doesn't occur. We look at the date that the performance didn't occur, and that's when the statute of limitations begins to run. I don't see that being a different circumstance. And I see the problem, but you can see, I mean, there are certain instances in which there is a continuing duty that can be brought each time. So how do we distinguish whether this is that case or not that case? And is there some way out of deciding that question to resolve the case? And what might it be if it's not a failure to plead all the elements of mandamus? Well, I would say that in this case, there's a decision in a certain point in time, but if that is not a satisfactory hat to hang on in this matter, it still requires standing in order to bring a claim. And as we briefed before this Court and we briefed before the lower court, appellants have failed to plead adequately any of the elements of standing. They haven't adequately pled a cognizable harm. The redressability issue that Your Honor questioned an appellant's lawyer about is a serious issue as well. If we take the harm issue, we have to decide this first, the Article III issue. So if we take the harm to be that if this contract is void, that will restrict the enforcement action against them at present, then you get to the redressability issue or traceability. And with respect to that, I guess what I'm trying to figure out is it's true that all this would trigger would be a discretionary decision, and that makes it contingent. But we have cases like in Carson v. Macon, which then was overturned, but not on that point. But in Carson, we suggested that if there's just a bar to an opportunity for something and the bar is being imposed unlawfully, the fact that it's discretionary what they would do once the bar is removed doesn't mean it's not redressable. And that sounds a little bit like this situation, which is they have an obligation to review, and they're illegally not performing that obligation. The fact that they would then have discretion to either help the party or not help the party doesn't mean that we don't have standing to address whether they can illegally follow the bar. Do you follow what I'm saying? I do. I think the harm that's alleged in the complaint is that appellant's loans have been sold to a party that is collecting on them. That's the harm. And what I believe appellants ultimately want is for that contract to be nullified, and that is being pursued by the Economic Development Bank in a separate cause of action. The relief they're seeking here, and the redressability issue asks about the relief they're seeking in this case as it pertains to the harm. The relief they're seeking in this case is simply to have the contract reviewed.  Even if we rule that it violates the policy. That's where I raised the point about Carson, though, which is just from an Article III perspective, that the thing that is impeding the exercise of discretion they want to happen is what they contend is an illegal failure to follow the policy. And so we have sometimes suggested that if you stop the illegality, that'll trigger the exercise of discretion. Yes, it may not come out in your favor, but at least you get a fair opportunity to have them do what they're supposed to do, which is exercise. And I think this gets back to the harm issue in that this is not a contract between appellants and the government. The appellants are not a party to this contract. But they'll benefit from the exercise of discretion if it ends up being favorable. But that's my – I'm sorry, Your Honor, but that's my point is that the exercise of discretion will not result in any difference on its own to appellants at all. It would require a series of speculative actions before they would get any of the relief they believe that they want. Plus, even if the contract is ultimately nullified, nothing prevents the – presumably the loans are collectible. Nothing prevents the Economic Development Bank from doing precisely what the private parties are doing. So the reversibility issue is, I think, a serious one, and it differs from the scenario you were describing. And then last thing, just on the merits, with respect to whether that policy, which is the only thing that's really being claimed to be violated, being enforceable, is there anything that tells us whether it is the statute, as I take it, doesn't require the policy? The statute permits the oversight – Permits, but doesn't require. Correct. Then the policy is without exceptions, except it's got these triggers. With respect to the policy, is there anything in the issuance of the policy as to whether that policy is enforceable by private parties or not? There's nothing in that – in the policy or in PROMISA that provides a cause of action for this case. Is there anything in the policy that says that this is not enforceable by others? I don't recall offhand. The policy is in the record. Are there no further questions? Thank you, Counsel. At this time, Attorney LaMute has a two-minute rebuttal. Thank you. Carlos LaMute, appearing for the appellants. Basically, the court is in a position to rule on this matter. The Oversight Board has already admitted violating the policy. They have been violating the policy for years. And we have a lot of clients, not only mine, but hundreds of other small Puerto Rican merchants that contracted with the BDE exposed to wrongful payment. You know, the Oversight Board has a $60 million annual budget. And they've spent over a billion dollars in attorneys and consultants. If they want, they can review that contract and either approve it or reject it. What is just and equitable is that the court orders the Oversight Board to take a look at that contract, which is very controversial. Those assets were acquired at a 91% discount in the middle of a bankruptcy, the largest bankruptcy in U.S. history. This is a situation where, you know, the Oversight needs to step up and observe its mandatory and evergreen contract review policy and do what it's supposed to do, comply with its ministerial duty. And that would be all, unless you have any additional questions. Thank you, counsel. That concludes argument in this case. All rise.